UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **EARL DAVID WORDEN** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE:** |
| **DONALD WEATHERFORD, individually, and in his official capacity as Chief of Police for the City of Pineville, Louisiana; RUFUS JONES, individually, and in his official capacity as a Patrol Officer for the City of Pineville; JAMES EVANS, individually, and in his official capacity as a Patrol Officer for the City of Pineville; and THE CITY OF PINEVILLE, a municipal entity of the State of Louisiana** | **MAGISTRATE:**<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT FOR DAMAGES

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA:

### INTRODUCTION

This is an action for monetary damages brought pursuant to 42 U.S.C. § 1983, *et seq.* and § 1988 as an action at law, statute, ordinance, regulation, custom or usage of rights, privileges, or immunities secured by the Constitution of the United States, including, but not necessarily limited to, the First, Fourth and Fourteenth Amendments, and/or by Acts of Congress, the Constitution, and the laws and statutes of the State of Louisiana against defendants, DONALD WEATHERFORD, individually, and in his official capacity as Police Chief for the City of Pineville; RUFUS JONES, individually, and in his official capacity as a Patrol Officer for the City

of Pineville Police Department; JAMES EVANS, individually, and in his official capacity as a Patrol Officer for the City of Pineville Police Department; and THE CITY OF PINEVILLE, a municipal entity located in Rapides Parish, Louisiana.

## JURISDICTION

1.

This action for monetary damages is brought pursuant to 42 U.S.C. § 1983 as well as the Constitution of the United States and the State of Louisiana, the United States Code, Louisiana Civil Code and the Revised Statues of Louisiana. Jurisdiction is founded on 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The complainant further invokes jurisdiction of this Honorable Court, under 28 U.S.C. § 1367 to adjudicate claims arising under the Laws of the State of Louisiana.

2.

Defendants are liable jointly, severally, and *in solido* (or according to such determination as the Court may make) to the complainant for the damages, costs, fees, and expenses described in this Complaint for the reasons more fully set forth in the following sections of this Complaint.

## VENUE

3.

Venue lies in this Court under 28 U.S.C. 1391(b)(2), as the events giving rise to this claim occurred within this judicial district.

## PARTIES

4.

Complainant, EARL DAVID WORDEN, is a person of the full age of majority and a domiciliary of Galveston County, Texas. At all times material hereto, complainant was engaged in his profession as a journalist.

5.

Made defendants herein are the following:

a) **DONALD WEATHERFORD, individually, and in his official capacity as the Chief of Police of the City of Pineville Police Department**, upon information and belief, a person of the full age of majority and a domiciliary of Rapides Parish, Louisiana;

b) **RUFUS JONES, individually, and in his official capacity as a Patrol Officer for the City of Pineville Police Department**, upon information and belief, a person of the full age of majority and a domiciliary of Rapides Parish, Louisiana;

c) **JAMES EVANS, individually, and in his official capacity as a Patrol Officer for the City of Pineville Police Department**, upon information and belief, a person of the full age of majority and a domiciliary of Rapides Parish, Louisiana; and

d) **THE CITY OF PINEVILLE**, a municipal entity located in Rapides Parish, Louisiana, governed by the provisions of Louisiana Revised Statute 33.321, *et seq*.

6.

The right of trial by jury is herein requested under the Federal Rules of Civil Procedure.

**FACTUAL ALLEGATIONS AND BACKGROUND**

At all times material hereto, complainant affirms and attests that:

7.

On or about the 7th day of July, 2017, and at all times material hereto, Defendant DONALD WEATHERFORD, in his official capacity as the Police Chief for the City of Pineville Police Department, was the policy maker for that Police Department.

8.

On or about the 7th day of July, 2017, complainant, acting in the course and scope of his profession (journalist), stationed himself on public property adjacent to the entry gate at Camp Beauregard, a National Guard military installation in the City of Pineville, Rapides Parish, Louisiana.

9.

Complainant was using a "Go Pro" camera was in the process of filming activities at the Camp Beauregard gate as research for a news story he was working on.  Complainant was engaged in lawful activity in an area where it was lawful for him to be and within his rights under the First Amendment of the United States Constitution.

10.

Shortly after he began filming, complainant was set upon by members of Camp Beauregard Military Police who interrogated complainant as to his identity and what his purpose was. Complainant identified himself and stated the reason for his lawful activity.

11.

Defendant RUFUS JONES, a Sgt. Major with the Louisiana National Guard as well as a Patrol Officer for the City of Pineville Police Department, arrived upon the scene and further interrogated claimant, confiscated his camera, and unlawfully detained him until such time as Defendant JAMES EVANS arrived upon the scene.

12.

Defendant James Evans further interrogated complainant as to his identity, which information complainant provided.  Eventually Defendant James Evans placed complainant in his patrol car and transported him to the Pineville Police Department where he was charged with "resisting" a police officer and placed under false arrest.

13.

At no time did complainant pose a threat to the Military Police Officers, the public, or to Defendants Jones and Evans.  He identified himself to the Military Police Officers and to

Defendants Jones and Evans when asked to do so. On multiple occasions complainant asserted his rights under the Fifth Amendment of the United States Constitution.

14.

Upon information and belief, Defendant Rufus Jones subsequently "banned" complainant from Camp Beauregard and <u>all military installations</u>, thereby hindering complainant's ability to engage in his profession, journalism, in violation of his First Amendment rights.

15.

Based upon the above facts as set forth above, complainant was falsely arrested during the incidents occurring on or about July 7, 2017. Complainant's right to video record all of the interactions occurring on the aforesaid date are clearly established and protected by the First Amendment to the United States Constitution. Additionally, complainant's false arrest on July 7, 2017, violated his Fourth Amendment right to be free from unreasonable search and seizure. The aforementioned false arrest violated complainant's right to be free from cruel and unusual punishment, including intimidation, degrading, cruel, and sadistic treatment, as guaranteed to complainant by the Fourteenth Amendment to the United States Constitution and his right to due process.

16.

As a direct and proximate result of the above-described incidents, complainant, EARL DAVID WORDEN, suffered injuries and is entitled to damages as follows:

a)  Violation of complainant's civil rights under 42 U.S.C. §1983;

b)  Mental anguish and emotional pain and suffering;

c)  Embarrassment and humiliation;

    d) Negligent issuing of police equipment, including identification, vehicles, firearms, etc.;

    e) Punitive damages under 42 U.S.C. § 1983 against the individual defendants, DONALD WEATHERFORD, RUFUS JONES and JAMES EVANS; and

    f) Attorney's fees pursuant to 42 U.S.C. § 1988.

17.

Complainant, EARL DAVID WORDEN, claims damages for the injuries set forth above under 42 U.S.C. § 1983 against the Defendant DONALD WEATHERFORD, both in his individual capacity and in his official capacity as Police Chief of the City of Pineville Police Department, for violation of his constitutional rights under Color of Law.

18.

Complainant specifically alleges Defendant DONALD WEATHERFORD, as the duly appointed Chief of Police for the City of Pineville Police Department, on or about July 7, 2017 and at all times relevant hereto, condoned the practices, procedures, customs, and policies, written and unwritten, which allowed the deprivation of complainant's constitutional rights as set forth herein.  Such written and unwritten practices, procedures, customs, and policies include but are not limited to:

    a) Inadequate and improper training, education, supervision, and discipline of law enforcement agents/officers/deputies commissioned and employed by it;

    b) Condoning and allowing police behavior that has been declared unconstitutional and unlawful; and,

    c) Inadequate and improper procedures, policies and practices for identifying and taking appropriate action against law enforcement agents/officers/deputies and employees who are in need of re-training, corrective measures, reassignment, or other disciplinary and non-disciplinary actions through a positive and early warning system designed to prevent the violations of citizens' constitutional and civil rights, including those of plaintiff.

19.

Complainant, EARL DAVID WORDEN, claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant RUFUS JONES, both in his individual capacity and in his official capacity as a Patrolman for the City of Pineville Police Department, for violation of his constitutional rights under Color of Law.

20.

Complainant, EARL DAVID WORDEN, claims damages for the injuries set forth above under 42 U.S.C. § 1983 against the Defendant JAMES EVANS, both in his individual capacity and in his official capacity as a Police Officer for the City of Pineville Department, for violation of his constitutional rights under Color of Law.

21.

Based on the above facts, Defendant RUFUS JONES unlawfully detained complainant in violation of Louisiana State Law.

22.

Based upon the above facts, Defendant JAMES EVANS committed false arrest in violation of Louisiana State Law.

23.

In the alternative, at all times material and present, Defendants RUFUS JONES and JAMES EVANS were acting within the course and scope of their employment with the City of Pineville Police Department and, therefore, Defendant DONALD WEATHERFORD, as the duly-appointed Police Chief of the City of Pineville Police Department, is vicariously liable pursuant to Louisiana State Law for the false arrest and malicious prosecution committed by Defendants RUFUS JONES and JAMES EVANS.

24.

In addition, at all times material and present, Defendant DONALD WEATHERFORD was acting in the course and scope of his employment with Defendant City of Pineville as the duly-appointed Police Chief of the City of Pineville Police Department.  Therefore, Defendant THE CITY OF PINEVILLE is vicariously liable for the acts and/or omissions of Defendant DONALD WEATHERFORD as outlined in the above facts.

25.

Defendant, DONALD WEATHERFORD, as the duly-appointed Police Chief of the City of Pineville Police Department, acted in violation of Louisiana Civil Code Article 2316 by negligently hiring, training, and supervising Defendants RUFUS JONES and JAMES EVANS and in failing to train members of his department regarding the constitutional rights of citizens.

26.

As a direct and proximate result of the negligence, intentional acts, and constitutional torts and violations of his civil rights under 42 U.S.C. § 1983 and other Louisiana laws, complainant suffered damages including, but not limited to, severe mental anguish.

**WHEREFORE**, COMPLAINANT, EARL DAVID WORDEN, prays that a jury trial be had as to the issues triable by jury; that compensatory damages to be fixed by a jury against the defendants, DONALD WEATHERFORD, RUFUS JONES, JAMES EVANS and THE CITY OF PINEVILLE, individually, jointly and *in solido,* be awarded; that punitive damages under 42 U.S.C. § 1983 be awarded to complainant against Defendants DONALD WEATHERFORD, RUFUS JONES and JAMES EVANS; that all costs of this action be assessed against the defendants, individually, jointly and *in solido*; that attorney's fees be awarded herein to

complainant and that such attorney's fees be assessed against the defendants, individually, jointly and *in solido*; and for any and all other relief that this Court deems just and proper.

                                Respectfully submitted:

**L. CLAYTON BURGESS, A P.L.C.**
605 West Congress Street
Lafayette, Louisiana 70501
Telephone: (337) 234-7573
Facsimile: (337) 233-3890

_____
**L. CLAYTON BURGESS** (22979)
Attorney for Plaintiff