UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EARL DAVID WORDEN | CIVIL ACTION NO. 1:12-cv-03093 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| DONALD WEATHERFORD, ET AL | MAGISTRATE JUDGE PERES-MONTEZ |

### MEMORANDUM IN SUPPORT OF MOTION TO STAY

MAY IT PLEASE THE COURT:

### I. BACKGROUND

Plaintiff, Earl David Worden, alleges that on or about July 7, 2017, he was acting in his capacity as a professional journalist. (**Doc. 1, ¶8**.) He was taking photographs. He claims to have positioned himself on "public property" adjacent to Camp Beauregard, a military installation in Pineville, Louisiana. (**Doc. 1, ¶8**.)

Worden claims that he was "set upon" by military police who interrogated him. (**Doc. 1, ¶¶10, 11**.) Thereafter, he claims that Pineville Officer James Evans arrived, interrogated him, transported him to the Pineville Police Department, and charged him with "resisting" a police officer, and placed under "false arrest." (**Doc. 1, ¶12**.)

The original charge was Resisting an Officer; however, the charge was later amended to a violation of Pineville Municipal Code § 22-51 "Disobedience to Police and Fire Department Officials." Eventually, the matter proceeded to trial.

A trial was held on June 21, 2018, in the Pineville City Court. Plaintiff represented himself. At the conclusion of the trial, Judge Gary K. Hays found Mr. Worden "guilty" of the charge. (**Exhibit "A," p. 123**.) Thereafter, Mr. Worden, through counsel, filed a Notice of Appeal. (**Exhibit "B"**.) That appeal was granted on July 13, 2018. (**Exhibit "B"**.) However, after the

original conviction in City Court, but before the Notice of Appeal was filed, Mr. Worden filed this civil suit in federal court on July 4, 2018. (**Doc. 1**.)

Within the civil suit, Worden alleges multiple times that he was subjected to a "false arrest." (**Doc. 1, ¶¶ 12, 15, 23**.) He likewise alleges violation of his First, Fourth and Fourteenth Amendment rights. (**Doc. 1, ¶¶ 14, 15**.) There are no allegations of "excessive force;" rather, the allegations of the Complaint focus on Worden's alleged false arrest and violation of his First Amendment rights to engage in his alleged profession, journalism (although other constitutional violations are alleged).

The arrest and conviction stem from Worden's alleged failure to provide identifying information about himself to the officers. That was the basis of the trial, and, will be the basis of the appeal. As such, and, since affirmation of the conviction would necessarily dispose of its alleged illegality, the principals of *Heck v. Humphrey*, 512 U.S. 477 (1994) are implicated. Until the appeal of parallel state court criminal proceedings are final, these Defendants respectfully submit this matter should be stayed. Counsel for Plaintiff consents to this stay request. (**Exhibit "C"**.)

## II. ANALYSIS & ARGUMENT

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial)., it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

District courts within the Fifth Circuit, and specifically those in the Western District, have routinely stayed civil rights actions alleging excessive force and/or false arrest when

parallel criminal charges remain pending.[1] See, e.g., *Pellerin v. Neustrom*, 2011 WL 6749019 (W.D.La.2011).; *Hughes v. Gueydan Police Dept.*, 6:10–1570, doc. 49 (W.D.La.2010).; *Alexander v. City Police of Lafayette*, 6:11–1749, doc. 11 (W.D.La.2011).; *Hood v. Smith*, 2011 WL378786, *3–4 (E.D.La.2011).; *Quinn v. Guerrero*, 2010 WL 412901, *2 (E .D.Tex.2010).; *Fox v. Campbell*, 2009 WL 10786809 (E.D.Tex.2009).; *Holt v. Jefferson Parish Sheriff's Office*, 2007 WL 4114357, *5–6 (E.D.La.2007); *Profit v. Ouachita Parish*, 2010 WL 1643800, 2010 WL 1643798, 3:09–cv–1838 (W.D.La.2010); *Anderson v. Madison Parish Sheriff's Dept.*, 3:09–cv–0223 (W.D.La.2010).; *Caldwell v. Lambert*, 2010 WL 3036488, 3: 10–cv–0526 (W.D.La.2010).; *Brown v. Hill*, 2010 WL 1734721, 3:09–2170 (W.D.La.2010).; *Alexander v. Craft*, 2013 WL 1290119 (W.D.La. 2/28/2013).

One of the questions to be resolved in this civil proceeding is whether any officer could demand identifying information from Plaintiff. That was the basis of the City Court Trial. If plaintiff is convicted or pleads guilty then, his claim for false arrest will necessarily fail under *Heck*, as such a claim would undermine the conviction. See, *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). ("[If] a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence…the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.") Additionally, a conviction or guilty plea to the other charges, or to any *reduced charges*, will likewise impact whether that conviction or guilty plea is undermined by his claims in this suit. See*, Thomas v. Louisiana State Police*, 170 F.3d 184, 184 (5th Cir. 1999).[2]

---

[1] Some of these cases employ a six-factor test to determine the propriety of a stay. See, *Modern American Recycling Services, Inc. v. Dunavant*. No. 10-3153, 2012, WL 1357720 (E.D. La. 4/19/12). Others do not.
[2] The Fifth Circuit has also recognized a state's interest in halting civil proceedings to stay discovery and protect a state's criminal investigation and prosecution. *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962).

Louisiana law has long held that a conviction (or guilty plea) precludes a claim for false arrest as it conclusively establishes probable cause. See, *Gibson v. State,* 1999-1730 (La. 4/11/00), 758 So. 2d 782, 790. If the plaintiff is convicted of a crime for which he is arrested, his detention is not unlawful as a matter of law. *Slaydon v. State through Dept. of Wildlife & Fisheries,* 636 So. 2d 1151, 1152 (La. App. 3 Cir. 1994). It if axiomatic that a guilty plea can serve as a "conviction."

Given the foregoing, it is respectfully submitted that this Court should stay this proceeding until the pending criminal charges in state court are resolved.

### III.  CONCLUSION & PRAYER FOR RELIEF

Because the criminal charges against plaintiff arose from the complained of arrest, and because the state criminal prosecution remains pending, through an appeal, defendants respectfully pray that this Court order a stay of this case pending the resolution of the outstanding criminal charges in accordance with the directives of *Wallace v. Kato*, 549 U.S. 384 (2007), with the following conditions:

   a. Within thirty (30) days of the date the state court criminal proceedings have concluded and become final, plaintiff, if successful in the appeal must file a motion asking this Court to lift the stay. The action will proceed at that time, absent some other bar to suit.

   b. If the criminal proceedings are not concluded within six (6) months of the date that this case is stayed, plaintiffs shall file a status report indicating the expected completion date of the proceeding. Additional status reports shall be filed every three (3) months thereafter until the stay is lifted.

See*, Jacob v. Ackal*, 2013 WL 176137 (W.D.La. 1/14/2013) (granting defendants' motion to stay and imposing these conditions).

Respectfully submitted,

KEISER LAW FIRM, P.L.C.

By: /s Randall. B. Keiser
 RANDALL B. KEISER #20894
 MATTHEW L. NOWLIN #34009
 P.O. BOX 12358
 Alexandria, LA 71315
 Phone: (318). 443-6168
 Fax: (318). 443-6211

*Counsel for City of Pineville, Chief Donald Weatherford & Officer James Evans*

# **C E R T I F I C A T E**

I hereby CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record via the CM-ECF system on this the 17th day of October, 2018.

 /s Randall B. Keiser
 OF COUNSEL